We have five cases on the calendar this morning, two patent cases from district courts and three government employee cases, two of which are being submitted on the briefs and will therefore not be argued. First case is one of the government employee cases, entitled John Milkovits v. Merit Systems Protection Board, 2008-32-12. Mr. Russo. MR. RUSSO Good morning, Your Honor. May it please the Court? My name is Donald Russo. I represent John Milkovits, who is the petitioner in this case. It's an appeal from the Merit Systems Protection Board. Several complex legal issues, but primarily in this case, it appears to be a case of first impression. I don't think... THE COURT Is this case governed by Conyers? MR. RUSSO I read Conyers over and over, and I just, Your Honor, I do not believe that Conyers is directly applicable to this. THE COURT And what we found out on page 1383 of the statement among the statutory provisions thus rendered inapplicable is section 7701A of Title V. So he says, basically, your highway to the MSPB is blocked. Isn't that what the Court is saying? MR. RUSSO But in this case, procedurally, this case had been filed as a complaint in the Federal District Court, FMLA case, and it's sort of... THE COURT There's no independent cause of action under the Family Leave Act. Let's take, for example, an employee who is not a traffic handler the way your client is. Say somebody works in the Justice Department, right? And if they have a family leave issue, they have to raise that at the MSPB as a defense against some action taken against them, right? MR. RUSSO Which I believe... THE COURT Isn't that true? MR. RUSSO Yes. THE COURT So you have to get to the MSPB along what I'll call a jurisdictional highway before you can even utter the words Family Leave Act, right? MR. RUSSO Yes, but... THE COURT Unfortunately, I read our opinion in Conyers to say that the jurisdictional highway, which is 7701A of Title V, was blocked. So your car can't get to the MSPB carrying the Family Leave Act argument that you have. If that's true, then it seems to me that we don't have any choice but what to affirm. MR. KURTZ As I read Conyers, the idea of the FMLA being an FLE, it's sort of like whether the chicken or the egg came first. This was a de novo action. The FMLA was not asserted as an affirmative defense to an action taken against a petitioner. MR. KURTZ But it's not a chicken or an egg problem. As Judge Clevenger points out, it's a jurisdictional problem, isn't it? MR. KURTZ It comes down to a jurisdictional problem. MR. KURTZ And that's first? MR. KURTZ Yes. MR. KURTZ And that comes before defenses? MR. KURTZ Yes. As his Honor pointed out, there's the procedural road map to get there to hear the case on the merits. And no matter how you look at this, the FMLA rights, I assert in my brief that the congressional intent of the FMLA was to give coverage, broad coverage, and that the APS 18- MR. KURTZ Well, it does for virtually every federal employee other than the people who are in your client's position. And I think, if I'm not mistaken, I think CIA employees don't have a jurisdictional highway to the MSPB in some circumstances. So there's nothing unconstitutional, is there, about Congress saying that there are going to be some employees who have no jurisdictional highway to the MSPB? So I'm trying to get a hold of what's it saying to me that there's kind of a due process engine driving your argument that it's sort of fundamentally unfair as a matter of constitutional law. MR. KURTZ That's what I think your Honor comes back to. MR. KURTZ But you don't say that. You don't say that. MR. KURTZ Yeah. I think the risk of getting overly metaphysical about it, it is a constitutional problem. It appears that- MR. KURTZ It's only the Constitution can help you because there's nothing you couldn't argue with a straight face that the Congress can't do, can't take away the MSPB unless you have the Constitution to support you, right? MR. KURTZ Well, that's true. The ATSA was enacted in 2001, obviously in response to the horrible events of 9-11. And that statute was put together for a specific purpose, to create the Department of Homeland Security. But eight years prior, when they enacted the statute, there was no overriding congressional intent. And it seems to me as I read the ATSA, there was at no point a specific mention or a reference to the FMLA as not being applicable to TSA screeners. So we end up being here today because of the issue about whether or not this case could have gotten to the Merit Systems Protection Board, whether or not it could have gotten to the FMLA. MR. KURTZ Well, I don't see a specific statutory bar under the FMLA. MR. KING Well, if you were representing an employee in the Justice Department or Agriculture Department or something else, and you had the same faxes you have, except you have a different government employee, you'd be in front of the MSPB with no problem at all, right? MR. KURTZ Yeah. The TSA screeners seem to have their own body of law that was, for obvious reasons, that the ATSA was created in. MR. KING Right. But we've come back to the post-9-11 statute that put your client in the position he's in. The Congress said any other provision, notwithstanding any other provisional law, the person who hires and fires people in your client's position can do whatever they want to do. There are no other provisions of law that govern the conduct of the boss. MR. KURTZ In a nutshell, they can pretty much do whatever they want to do. That's exactly where the respondent's going to come in. MR. KING I come back to it. Let's say, for example, that your client is African-American and the boss fires him and says, I don't like black people. You would like to be able to argue, wouldn't you, that you could go to the MSPB? That's what I think I thought we were doing when we were at the Federal District Court. The respondent refers to it as my motion of joinder when, in fact, it wasn't a motion of joinder. It was an answer in a brief that they had filed, a motion. I essentially said, you're arguing over us being here in the Federal District Court. We'll agree to take it to the Merit System Protection Board and get our hearing on the merits before the MSPB. Now they're taking a position in their brief that I agreed to their jurisdictional argument when, in fact, I thought I was agreeing to their argument that we should hear the case of the merits. I just wanted to have Mr. Milkovich have his day in court, if you will. MR. KURTZ Whatever they were saying to the District Court wasn't going to help you in the District Court anyhow. Let's assume that the government had gotten up and said, well, Your Honor, for the District Court to assure the matter is that Mr. Milkovich can't get to the MSPB because of this statute that was passed post-11. And you can't do anything for him because it's perfectly clear there's no private right of action. MR. MILKOVICH Yes, it's the proverbial catch-22. MR. KURTZ The argument you're making that somehow the government would talk out of the wrong side of its mouth, it couldn't have helped you in the District Court. MR. MILKOVICH Not at that point, no. MR. KURTZ And their argument is that, at the most, they were saying, as a general proposition, government employees do have access to the MSPB. It's just your client doesn't. MR. MILKOVICH Well, Your Honor's analogy about the Title VII plaintiff, African-American, it's the same panoply overlay, the array of federal employment discrimination protections. MR. KURTZ Well, what I was trying to get at was to make an argument that would come back to your constitutional point. You can pick the most sort of heinous form of discrimination. I picked one that I thought was pretty heinous. But it would certainly seem to me that on the government's theory, that employee isn't going to have access to the MSPB. MR. MILKOVICH And that's where we are here. MR. KURTZ And then your real question is, how could it be? Could Congress have been that far sort of out of its senses, is your argument, to have enacted a statute that has that reach? MR. MILKOVICH Your Honor, you're aptly stating our position. And I will concede that we've come before this Court with a compelling body of law to back up my stance. I've done a lot of federal appeals in the Third Circuit, and this is a tough one. I just can't find a specific case that says either side is absolutely correct or incorrect. We're here almost as if, from Mr. Milkovich's point of view, he's throwing himself at the merciless point of view. MR. KURTZ I'm sorry, but you've got a high hill to climb because there's a big body of law that says when Congress says notwithstanding any other provision of law, that means notwithstanding any other provision of law. So all other provisions of law that would have been standing in front of you are pushed away. MR. MILKOVICH Yeah, you're right. But I do a lot of FMLA work, and it seems like every time a sovereign immunity argument comes up, the FMLA claimants have consistently been given their day in court in most other areas. MR. KURTZ The only, as I said, the only class of plaintiffs that I can think of that are zapped, if you will, is your particular claim because of this one statute. Maybe some people in, you know, have top security clearances and the CIA people who have to waive off their rights or have had statutorily waived off. MR. MILLIKOVICH Mr. Russo, do you want to let us hear from the government and then you'll save the rebuttal time? MR. RUSSO Sure, we are. Thank you. MR. MILLIKOVICH Ms. Friedman, you're splitting your time with Ms. Kilfoyle? MS. KILFOYLE Yes, you're right. Good morning. May it please the court. As the Conyers case points out, the board only has that jurisdiction granted to it by law, rule, or regulation, and the ATSA under Conyers and under the statute. MR. MILLIKOVICH If Mr. Milkovich had been an African-American and had been fired by his boss because he was African-American, would you be arguing, and he filed a suit in the MSPB saying I've been discriminated against and my firing was illegal, would you still be arguing the MSPB has no jurisdiction? MS. KILFOYLE Yes, Your Honor. Now, the TSA does have a civil rights division and even screeners have EEO rights, but the EEO rights would go through the EEO route, not to the board. And the TSA also has a disciplinary review board, which Mr. Milkovich availed himself of. So he might have, and I'm not sure, been able to raise the FEMLA argument in defense. MR. MILLIKOVICH Let's assume that Mr. Milkovich belonged to a union and you had a union of these people that do this work. Could that union contract with the agency around the statute that we're concerned about? For example, could the collective bargaining agreement provide that employees would have access to the normal process that you have in a union contract? MS. KILFOYLE No, under the ATSA provision, notwithstanding any other provision of law, the TSA screeners, such as Mr. Milkovich, cannot avail themselves of union rights. There was, I believe, a D.C. Circuit case that so ruled as well. I don't know the name of the case, but I could get the case name to the court, should you want me to. But no, they cannot even avail themselves of union rights. This case, Conyers is dispositive of this case, and in Conyers, like Mr. Milkovich, Mr. Conyers tried to avail himself of different statutes like USERRA and the Whistleblower Protection Act in order to invoke the board jurisdiction. The court here said that those statutes aren't going to give the board jurisdiction because of the notwithstanding any other provision of law language in the ATSA, because that signals that the screener-specific provision is to override conflicting statutory provisions to the extent that it applies to TSA screeners. MR. ALTMAN Mr. Russo, in the brief, seems to argue that this case involves a different statute, namely the FMLA, which has some overriding social importance, of course. Does that have any consequence? MS. MCCARTY Well, yes, actually, because I believe that his case is even weaker than the Conyers case, because the FMLA can never be an independent source of board jurisdiction, whereas USERRA and the Whistleblower Protection Act can, in other circumstances, be a source of board jurisdiction. But FMLA can never be, and it can be used in the same way. MR. ALTMAN And that's a distinction made evident in the treatment under Title I and Title II  MS. MCCARTY Exactly, right. And so there's just no jurisdiction, even trying to use the FMLA route. And as I said, I think this case is even stronger than Conyers, because at least the statutes that Mr. Conyers tried to use as a highway to jurisdiction to the board, a good route to jurisdiction to the board, but FMLA isn't. Because screeners cannot appeal to the board under ATSA, there is no other appealable action, and any FMLA issue in this case cannot be addressed by the board. I am going to allow Ms. Kilfoyle to answer the judicial estoppel argument, and if there are any other questions relating to anything that I said, I'd be happy to address them. MR. ALTMAN Thank you, Ms. Kilfoyle. MS. KILFOYLE May it please the Court, the Department of Homeland Security did not take inconsistent positions before the District Court and the Merit Systems Protection Board. We never asserted before the District Court that the Merit Systems Protection Board would have jurisdiction over this claim. MR. ALTMAN What exactly did you say to the District Court in this respect? MS. KILFOYLE Sure, it's on Respondent's Appendix, page 21. We said that if a federal employee believes that his rights under the FMLA had been violated, that employee may file a grievance under an agency's administrative procedures, meaning the DHS's administrative procedures, or through a negotiated grievance procedure. The agency's administrative procedure for these types of actions. They don't have MSPB rights, but they can go to TSA's Disciplinary Review Board. And at page 48 of Respondent's Appendix, in a footnote, we explain to the MSPB that Mr. Milkovich actually did go to the Disciplinary Review Board, and the Disciplinary Review Board found that the penalty was justified. So he's had his opportunity to exhaust that remedy of the DRB, and he did not prevail there. It was Mr. Milkovich who claimed that the MSPB had jurisdiction over his claim before the District Court. It's certainly regrettable if Mr. Milkovich was somehow confused by a statement in our brief, but we certainly did not take an inconsistent position. And therefore, even assuming that judicial estable could apply to jurisdiction, which is somewhat dubious in the first instance, there would be no basis for the court to apply it here. If there is no further questions on this issue? Thank you, Ms. Kilfoyle. Mr. Brousseau, you have some time if you wish to respond. Just very quickly, Your Honor, two points. I heard Attorney Friedman mention about the EEO provisions that would be applicable to... Can judicial estable overwhelm jurisdiction? It could show the inconsistency of an argument... No, but I mean, just let's stop and think about it for a second. I mean, jurisdictions are the holy grail. Congress, we only have such jurisdictions as we're given. And so you have a situation in which the court says, well, we don't have jurisdiction. We don't have jurisdiction, but the behavior of the government lawyer in some other venue was such that we should decide we take jurisdiction. That's an excellent point, and I would have to concede...  Judicial estable, ipso facto, is not going to allow you to say we find that statutorily there's no jurisdiction. But because there's judicial estable and we find something inappropriate... If we were in your favor on that point, you might even get a trip to the Supreme Court. If there ever was a case, this one is possibly... Because I read Conyers before I filed into district court, and I felt that Conyers opened the door to allowing an independent FMLA claim because it didn't rule out the FMLA. So ironically, we're now back here whether or not Conyers is positive of this case. What about the government's argument that the underlying fairness would have been even stronger in Conyers because the fellow was pushing a USERRA-type claim where there was jurisdiction of the MSPB? Ms. Friedman contends that this case is even easier. With all due respect to USERRA plaintiffs, I've done those cases, but the FMLA is a national statute that applies to everybody who works for an employer of 50 or more employees. So the FMLA is... Congress didn't give it the same stature in life as USERRA, which is a jurisdictional highway. Mr. Russo, you wanted to reply to Ms. Friedman? The only issue I had... The EEO question, I think Ms. Friedman concedes in response to Judge Clemenger's point about the hypothetical African American employee who was aggrieved by an agency, and she seems to concede that there would be an EEO avenue. Most of the federal employment discrimination claims involve EEOC charges under Title VII, ADEA, ADA, and then there's that one fourth component, the FMLA, which does not contain an EEO administrative provision. You go directly into court. So I think following up on her argument that there perhaps might be some EEO relief, I think there should also be some FMLA relief. Thank you. Thank you, Mr. Russo. Case will be taken under advisement.